## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**BRYON MARSHALL, II**
2912 Clifton Park Terr
Baltimore MD 21213

Plaintiff

**v.**

**JOSHUA M. HALL**
601 East Fayette St
Baltimore MD 21202

and

**MICHAEL S. VAUGHN**
601 East Fayette St
Baltimore MD 21202

Defendants

Case No:

---

### COMPLAINT
(42. U.S.C. § 1983 and related state claims
pertaining to unreasonable seizure)

### WITH JURY DEMAND

---

### COMPLAINT

Plaintiff Bryon Marshall, II, Plaintiff, by and through undersigned

counsel, files this Complaint and states:

**1.**     Events herein occurred on June 8, 2017, in Baltimore City,

Maryland.

**2.**     This complaint contains a claim under 42 U.S.C. § 1983 with federal

issue jurisdiction under 28 U.S.C. § 1331. There are related state law claims

over which the Court has supplemental jurisdiction under 28 U.S.C. § 1367.

**3.**     The Plaintiff, **Bryon Marshall, II**, is a natural person residing in St.

Mary's County, Maryland.

**4.**     Defendant **Joshua M. Hall** was at all times herein an officer of the

Baltimore City Police Department, acting within the scope of that

employment, and under color of the statutes, ordinances, regulations,

customs, or usages, of the government of the State of Maryland and City

of Baltimore.

**5.**     Defendant **Michael S. Vaughn** was at all times herein an officer of

the Baltimore City Police Department, acting within the scope of that

employment, and under color of the statutes, ordinances, regulations,

customs, or usages, of the government of the State of Maryland and City

of Baltimore.

**6.**     **Davis** was at all times herein an officer of the Baltimore City Police

Department, acting within the scope of that employment, and under color of the statutes, ordinances, regulations, customs, or usages, of the government of the State of Maryland and City of Baltimore. Davis was a key actor herein but is not a defendant as this time as the Plaintiff is unable to fully identify him.

**7.**      On or before June 8, 2018, Marshall gave notice of his claim pursuant to the Local Government Tort Claims Act.

**8.**      On or before June 8, 2018, through various police reports and the underlying circumstances, the Baltimore City Police Department (BPD) had actual or constructive notice of the claimant's injury or the defect or circumstances giving rise to the claimant's injury.

**9.**      On June 8, 2017, after purchasing an item from an Advanced Auto Parts store at 2018 Maryland Avenue, Baltimore, Maryland, Marshall was an eye/earwitness to a possible shooting (but not with a real firearm; the gun was pressed against the victim and fired without requiring urgent medical treatment).

**10.**    Marshall called 911 and comforted and waited with the victim.

**11.**    Marshall then spoke to responding BPD officers, including Hall,

Davis, and Vaughn, about what he had seen and heard. Marshall also provided his name, address, telephone number, and state-issued driver's license.

12.    Marshall did not get a good look at the assailants, and could only identify them as persons in dark jeans and hoodies. What he witnessed was not materially helpful.

13.    Marshall had completed a long day of work and needed to pick up his girlfriend from her job.

14.    After giving his statement, identification, and contact information, Marshall wanted to leave. Approximately 30 minutes had passed since the officers arrived.

15.     Marshall advised that he had to leave and walked toward his vehicle. Davis said "Lock him up," and Hall, Davis, and Vaughn grabbed Marshall.

16.    Marshall argued with the officers and demanded that he be allowed to leave.

17.    Hall, Davis, and Vaughn flopped Marshall to the ground and caused Marshall's face to violently strike the asphalt, causing bruising and

abrasions to his face. The officers then pressed their knees against Marshall's back, tightly handcuffed him, and bound his feet.

18.     Hall, Davis, and Vaughn left Marshall cuffed face down in the parking lot for approximately 30-60 minutes.

19.     Hall, Davis, and Vaughn then moved Marshall to a police vehicle.

20.      Marshall stood at the open door of the police vehicle. A BPD officer punched Marshall in the chest several times to get him to sit in the police vehicle.

21.     Hall, Davis, and Vaughn kept Marshall in the police vehicle for another approximately 30 minutes while the crime scene processing was completed.

22.     Marshall was then taken to a hospital under BPD custody.

23.     After Marshall was released from the hospital's care, Hall, Davis, and Vaughn had Marshall taken in for booking to have him charged with disorderly conduct.

24.     Marshall did not commit any crime.

25.     On the actions and directions of Hall, Davis, and Vaughn, Marshall was detained for hours pending review of his case by the State's Attorney's

Office.

**26.**    The State's Attorney's Office declined to prosecute and Marshall was released without charge.

## COUNT 1 — 4th and 14th Amendments, 42 U.S.C. §1983 (Arrest)

**27.**    The paragraphs preceding Count 1 are incorporated by reference as if fully set forth herein.

**28.**    This count is filed against the Defendants in their individual capacities.

**29.**    By arresting Marshall without legal justification, Hall, Davis, and Vaughn, under color of state and local law, violated Marshall's rights under the Fourth (via the Fourteenth) Amendment to the United States Constitution to be free from unreasonable seizures.

**30.**    Hall, Davis, and Vaughn acted with malice.

**31.**    As a direct and proximate result thereof, Marshall suffered a violation of federal constitutional rights, loss of liberty, and suffered and will continue to suffer physical and mental injuries, pain and suffering.

## COUNT 2 — 4th and 14th Amendments, 42 U.S.C. §1983 (Force)

**32.**    The paragraphs preceding Count 1 are incorporated by reference as if fully set forth herein.

**33.**    This count is filed against the Defendants in their individual capacities.

**34.**    By using excessive and unreasonable force, Hall, Davis, and Vaughn, under color of state and local law, violated Marshall's rights under the Fourth (via the Fourteenth) Amendment to the United States Constitution to be free from unreasonable seizures.

**35.**    Hall, Davis, and Vaughn acted with malice.

**36.**    As a direct and proximate result thereof, Marshall suffered a violation of federal constitutional rights, and suffered and will continue to suffer physical and mental injuries, pain and suffering.


## COUNT 3 — False Arrest

**37.**    The paragraphs preceding Count 1 are incorporated by reference as if fully set forth herein.

**38.**    Hall, Davis, and Vaughn intentionally and falsely arrested Marshall

without legal justification.

**39.**     Hall, Davis, and Vaughn acted with malice.

**40.**     As a direct and proximate result thereof, Marshall suffered loss of liberty, and suffered and will continue to suffer physical and mental injuries, pain and suffering.

## Count 4 — Battery/Excessive Force

**41.**     The paragraphs preceding Count 1 are incorporated by reference as if fully set forth herein.

**42.**     Hall, Davis, and Vaughn intentionally battered and used unnecessary and unreasonable force against Marshall.

**43.**     Hall, Davis, and Vaughn acted with malice.

**44.**     As a direct and proximate result thereof, Marshall suffered loss of liberty, and suffered and will continue to suffer physical and mental injuries, pain and suffering.

## **Count 5 — Gross Negligence (Arrest)**

**45.**   The paragraphs preceding Count 1 are incorporated by reference as if fully set forth herein.

**46.**   Hall, Davis, and Vaughn arrested Marshall with gross negligence.

**47.**   Hall, Davis, and Vaughn acted with malice.

**48.**   As a direct and proximate result thereof, Marshall suffered loss of liberty, and suffered and will continue to suffer physical and mental injuries, pain and suffering.

## **Count 6 — Gross Negligence (Force)**

**49.**   The paragraphs preceding Count 1 are incorporated by reference as if fully set forth herein.

**50.**   Hall, Davis, and Vaughn used force against Marshall with gross negligence.

**51.**   Hall, Davis, and Vaughn acted with malice.

**52.**   As a direct and proximate result thereof, Marshall suffered loss of liberty, and suffered and will continue to suffer physical and mental injuries, pain and suffering.

## Count 7 — Article 26, Maryland Declaration of Rights (Arrest)

**53.**    The paragraphs preceding Count 1 are incorporated by reference as if fully set forth herein.

**54.**    Hall, Davis, and Vaughn violated Marshall's rights under Article 26 of the Maryland Declaration of Rights by intentionally and falsely arresting Marshall without legal justification.

**55.**    Hall, Davis, and Vaughn acted with malice.

**56.**    As a direct and proximate result thereof, Marshall suffered loss of liberty, and suffered and will continue to suffer physical and mental injuries, pain and suffering.

## Count 8 — Article 26, Maryland Declaration of Rights (Force)

**57.**    The paragraphs preceding Count 1 are incorporated by reference as if fully set forth herein.

**58.**    Hall, Davis, and Vaughn violated Marshall's rights under Article 26 of the Maryland Declaration of Rights intentionally using force that was excessive and unreasonable.

**59.**    Hall, Davis, and Vaughn acted with malice.

**60.**    As a direct and proximate result thereof, Marshall suffered and will

continue to suffer physical and mental injuries, pain and suffering.


## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Marshall requests judgment for

    A.    compensatory damages in an amount to be determined by a

jury;

    B.    punitive damages as determined by a jury;

    C.    attorney's fees;

    D.    costs; and

    E.    post-judgment interest

against Defendants Joshua M. Hall and Michael S. Vaughn, jointly and

severally, and such other and further relief as may be appropriate.

(Note: As to the state law claims Plaintiff will only seek to collect

judgment against the Baltimore City Police Department.)


## JURY DEMAND

The Plaintiff hereby requests a jury trial.

Respectfully submitted,

/s/Sean R. Day/s/
Sean R. Day (Bar No. 12831)
7474 Greenway Center Dr Ste 150
Greenbelt MD 20770-3524
301.220.2270 Phone
301.220.2441 Fax
*Sean@DayInCourt.Net*
Attorney for Plaintiff