IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| BRYON MARSHALL II | * | |
| Plaintiff, | * | |
| v. | | Civil Action No. 1:19-CV-02044-BPG |
| | * | |
| JOSHUA M. HALL, *et al.*, | | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### **DEFENDANTS, JOSHUA M. HALL'S AND MICHAEL S. VAUGHN'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, Joshua M. Hall and Michael S. Vaughn, by and through their undersigned counsel, and pursuant to Federal Rules of Civil Procedure, Rule 8, submit this Answer in response to Plaintiff's Complaint.

### **Answer to Plaintiff's Complaint and Demand for Jury Trial**

1. Admitted.

2. Defendants admit that Plaintiff's Complaint contains the claims references, but otherwise deny liability therewith.

3. Defendants are without sufficient knowledge, information or belief regarding Plaintiff's actual residence.

4. Defendant Hall admits that he was employed as a Baltimore City police officer at the time of the alleged event.

5. Defendant Vaughn admits that he was employed as a Baltimore City police officer at the time of the alleged event.

6. Defendants can neither admit nor deny Plaintiff's assertions regarding an unspecified individual who is not a party to this suit.

7. Defendants are without sufficient knowledge, information or belief regarding Plaintiff's adherence to a statutory notice obligation, as that document was not supplied as an exhibit to the Complaint.

8. Defendants decline to provide a response on behalf of the Baltimore Police Department regarding whether that agency was placed on actual or constructive notice of Plaintiff's claims, as the Department is not a party to this suit.

9. Defendants are without sufficient knowledge, information or belief regarding Plaintiff's itinerary on the date in question.  Defendants admit that a shooting event transpired on the date referenced.

10. Defendants are without sufficient knowledge, information or belief regarding Plaintiff's personal interactions with the shooting victim.  Defendants admit that a 911 call was placed.

11. Defendants admit that Plaintiff spoke to officers on the scene.  Defendants decline to respond on behalf of any unspecified individual who is not a party to this suit.

12. Defendants are without sufficient knowledge, information or belief regarding Plaintiff's self-held observations as a purported witness, or his subjective opinion of the usefulness of those observations.

13. Defendants are without sufficient knowledge, information or belief regarding Plaintiff's work schedule or his itinerary on the date in question.

14. Defendants admit that Plaintiff provided information regarding his identity. Defendants otherwise deny Plaintiff's subjective opinion regarding how long the event transpired.

15. Defendants deny Plaintiff's description of the event.

16. Defendants admit that Plaintiff became disorderly and resisted efforts to lawfully detain him.

17. Defendants admit that Plaintiff's disorderly conduct led to his handcuffing and restraints. Defendants otherwise deny liability.

18. Denied.

19. Admitted.

20. Denied.

21. Denied.

22. Admitted.

23. Defendants admit that Plaintiff was taken to Central Booking and charged with disorderly conduct.

24. Denied.

25. Denied.

26. Defendants admit that the State's Attorney's Office elected not to prosecute Plaintiff for his offense.

## COUNT I
## 4th and 14th Amendments, 42 U.S.C. §1983 (Arrest)

27. Defendants incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein.

4826-5551-4789v1

28. Plaintiff's averment amounts to a legal conclusion to which Defendants decline to respond.

29. Denied.

30. Denied.

31. Denied.

## COUNT II
## 4th and 14th Amendments, 42 U.S.C. §1983 (Force)

32. Defendants incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein.

33. Plaintiff's averment amounts to a legal conclusion to which Defendants decline to respond.

34. Denied.

35. Denied.

36. Denied.

## COUNT III - False Arrest

37. Defendants incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein.

38. Denied.

39. Denied.

40. Denied.

## COUNT IV - Battery/Excessive Force

41. Defendants incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein.

42. Denied.

43. Denied.

44. Denied.

## COUNT V - Gross Negligence (Arrest)

45. Defendants incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein.

46. Denied.

47. Denied.

48. Denied.

## COUNT VI - Gross Negligence (Force)

49. Defendants incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein.

50. Denied.

51. Denied.

52. Denied.

### **COUNT VII - Article 26, Maryland Declaration of Rights (Arrest)**

53. Defendants incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein.

54. Denied.

55. Denied.

56. Denied.

### **COUNT VIII - Article 26, Maryland Declaration of Rights (Force)**

57. Defendants incorporate and restate by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein.

58. Denied.

59. Denied.

60. Denied.

### **Request for Relief**

Defendants deny that Plaintiff is entitled to the relief requested.

### **AFFIRMATIVE DEFENSES**

In support of the following affirmative defenses, Defendants incorporate the answers and responses to each of the above-referenced allegations.

#### First Affirmative Defense

As a first, separate affirmative defense, Defendants state that Plaintiff has failed to state a claim under which relief may be granted.

### Second Affirmative Defense

As a second, separate affirmative defense, Defendants state that Plaintiff's claims are barred, in whole or in part, by statutory, qualified or common-law immunity.

### Third Affirmative Defense

As a third, separate affirmative defense, Defendants state that all actions taken under the circumstances were legally authorized and justified.

### Fourth Affirmative Defense

As a fourth, separate affirmative defense, Defendants state that Plaintiff's claims are barred, in whole or in part, by privilege.

### Fifth Affirmative Defense

As a fifth, separate affirmative defense, Defendants state that Plaintiff is not entitled to punitive damages, absent actual malice.

### Sixth Affirmative Defense

As a sixth, separate affirmative defense, Defendants state that all actions were taken with probable cause and/or reasonable articulable suspicion.

### Seventh Affirmative Defense

As a seventh, separate affirmative defense, Defendants state that Plaintiff's claims are barred for failure to comply with the notice provision of the Local Government Tort Claims Act, if applicable.

### Eighth Affirmative Defense

As an eighth, separate affirmative defense, Defendants state that any liability to Plaintiff would be subject to a statutory damages cap, if applicable.

<u>Ninth Affirmative Defense</u>

As a ninth, separate affirmative defense, Defendants state that because no discovery has taken place at this stage, Defendants reserve the right to assert other affirmative defenses as appropriate.

WHEREFORE, having answered, Defendants pray that Plaintiff's Complaint be dismissed in its entirety, with costs and an award of reasonable attorneys' fees to Defendants.

WHEREFORE, having answered, Defendants pray that Plaintiff's Complaint be dismissed in its entirety, with costs and an award of reasonable attorneys' fees to Defendants.

Respectfully submitted,

_____/s/_____
Neil E. Duke (Federal Bar No.: 14073)
Baker Donelson
A Professional Corporation
100 Light Street
Baltimore, MD  21202-1643
(410) 862-1198
(443) 263-7598 – Fax

Dated: September 16, 2019

4826-5551-4789v1